Roger N. Behle, Jr., SBN 174755
Justin P. Karczag, SBN 223764
Kevin G. Gamarnik, SBN 273445
FOLEY BEZEK BEHLE & CURTIS, LLP
575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Telephone: (714) 556-1700
Facsimile:  (714) 546-5005
Email: RBehle@FoleyBezek.com
          JKarczag@FoleyBezek.com
          KGamarnik@FoleyBezek.com

Attorneys for Plaintiff
POKER CLOTHING INC., D/B/A
Warrior Lifestyles

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POKER CLOTHING INC., D/B/A WARRIOR LIFESTYLEs, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDE DONATI, an individual,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT [15 U.S.C. § 1071(b)]; DEMAND FOR JURY TRIAL** |

Plaintiff Poker Clothing, Inc., d/b/a Warrior Lifestyles (hereinafter "Plaintiff" or "Warrior Lifestyles"), by and through undersigned counsel, hereby files this Complaint against Defendant Claude Donati (hereinafter "Defendant" or "Donati") and states as follows:

1

**COMPLAINT**

## THE PARTIES

1. Plaintiff Poker Clothing, Inc., d/b/a Warrior Lifestyles is a California corporation, with its principal place of business located at 23120 Old Oleander Ave, Perris, California 92570.

2. Upon information and belief, Defendant Donati is an individual with an address of 14311 Southfold Drive, Granger, Indiana, 46530.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1071(b)(l), which provides that a party dissatisfied with a final decision of the United States Trademark Trial and Appeal Board may institute a new civil proceeding challenging such decision.

4. This Court also has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367, and declaratory judgment pursuant to 28 U.S.C. §2201.

5. Personal jurisdiction exists over Defendant because he has sufficient minimum contacts with the forum as a result of transacting and doing business within the State of California and the Central District of California. Personal jurisdiction also exists over Defendant because of his conduct in offering services under the infringing mark within the State of California and the Central District of California.

6. Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

## NATURE OF THE ACTION

7. This Action seeks *de novo* review, pursuant to 15 U.S.C. § 1071(b), of an administrative decision by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the "TTAB") in a trademark opposition proceeding brought by Warrior Lifestyles entitled *Poker Clothing, Inc., d/b/a Warrior Lifestyles* v. *Claude Donati*, Opposition No. 91213394 (hereinafter the

"Opposition"). By Decision dated November 17, 2015, the TTAB dismissed Warrior Lifestyles' Opposition and permitted the registration of the Defendant's "WEEKEND WARRIOR" mark (the "Infringing Mark"), which is the subject of Defendant's U.S. Trademark Application Serial No. 85905871 ("Defendant's Application"). A true and accurate copy of the TTAB Decision dated November 17, 2015 is attached hereto as **Exhibit A**.

8. Warrior Lifestyles' Opposition was based, in part, on Section 1 of the Lanham Act, (15 U.S.C. § 1051), and alleged that Defendant's Application was void in that Donati was not and is not the owner of the Infringing Mark which is the subject of Defendant's Application, nor did he have a *bona fide* intention to use the mark, through a licensee or otherwise.

9. The Opposition was also based on the claim of priority, namely that Warrior Lifestyles has been continuously using the WARRIOR LIFESTYLES mark since at least as early as February 1, 2008, that Warrior Lifestyles has been continuously using the WEEKEND WARRIOR NATURAL SPRING WATER mark since at least as early as January 1, 2009, that Warrior Lifestyles has been continuously using the WEEKEND WARRIOR mark since at least as early as summer 2013, and that Warrior Lifestyles is informed and believes that its use of each of the Warrior Lifestyle Marks predate Donati's first use in commerce of the "WEEKEND WARRIOR" mark.

10. The Opposition was also based on Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), and alleged that the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection or association between Warrior Lifestyles and Defendant Donati, or as to the origin, sponsorship, or approval of Defendant's goods, services and other commercial activities.

11. The Opposition was also based on the grounds that the trademarks of Warrior Lifestyles (defined below as the "Warrior Lifestyles Marks") are of

sufficient fame and reputation among consumers so that when the Infringing Mark is used in connection with the services set forth in Defendant's Application, a false connection, sponsorship or affiliation with Warrior Lifestyles and/or the Warrior Lifestyles marks will be presumed by consumers.

12. Warrior Lifestyles seeks an Order of this Court: (1) Reversing the TTAB Decision, which dismissed the Opposition; (2) Sustaining the Opposition and dismissing Defendant's application for a U.S. Trademark Registration for the Infringing Mark; (4) Enjoining Defendant from further use of the Infringing Mark; and (5) Finding Defendant liable for: (a) trademark infringement under 15 U.S.C. § 1114, (b) common law infringement, and (c) common law unfair competition.

## BACKGROUND FACTS

**A. Warrior Lifestyles' Registered Marks and Applications.**

13. On or about February 1, 2008, Warrior Lifestyles adopted and began the use of the mark "WARRIOR LIFESTYLES" for a line of products, including, among other things, recreational vehicles, such as fifth wheel trailers and travel trailers, motor homes, off road vehicle haul trailers, and structural vehicle parts for motor homes (collectively "RV," "RVs" or "Warrior Lifestyles Products"). The use of the WARRIOR LIFESTYLES mark by Warrior Lifestyles has been continuous and uninterrupted since that time. The dominant feature of the WARRIOR LIFESTYLES mark is the term "WARRIOR" and customers and others in the industry would often use the term "WARRIOR" alone in referencing Warrior Lifestyles as the source of high quality recreational vehicles.

14. Warrior Lifestyles has invested a considerable amount of money in the advertising and marketing of its goods under the WARRIOR LIFESTYLES mark, and has developed exceedingly valuable goodwill throughout the country with respect to the WARRIOR LIFESTYLES mark, especially among recreation vehicle customers.

15. On September 21, 2009, Warrior Lifestyles applied for registration of the WARRIOR LIFESTYLES mark with the United States Patent and Trademark Office and was granted registration of the same on May 18, 2010, registration number 3789890. Warrior Lifestyles is the current owner of the WARRIOR LIFESTYLES mark.

16. Based on the success of the WARRIOR LIFESTYLES mark, beginning at least as early as January 1, 2009, Warrior Lifestyles began using the mark "WEEKEND WARRIOR NATURAL SPRING WATER", for bottled water, drinking water with vitamins, and energy drinks, which was marketed and sold to the consumers in the RV and off-road vehicle markets.

17. On November 3, 2009, Warrior Lifestyles applied for registration of the WEEKEND WARRIOR WATER NATURAL SPRING WATER mark with the United States Patent and Trademark Office and was granted registration of the same on May 18, 2010, registration number 3790242. Warrior Lifestyles is the current owner of the WEEKEND WARRIOR WATER NATURAL SPRING WATER mark.

18. Warrior Lifestyles' products are well known in the recreational vehicle industry and are commonly referred to by the shorthand "WARRIOR." Based on the success of both WARRIOR LIFESTYLES and WEEKEND WARRIOR WATER NATURAL SPRING WATER in the RV and off-road vehicle markets, Warrior Lifestyles began using the WEEKEND WARRIOR mark in connection with the sale and advertising of recreational vehicles, such as fifth wheel trailers and travel trailers, motor homes, and off road vehicle haul trailers.

19. On September 18, 2013, Warrior Lifestyles filed an application to register the WEEKEND WARRIOR mark for recreational vehicles, such as fifth wheel trailers and travel trailers, motor homes, off road vehicle haul trailers, and structural vehicle parts for motor homes, in Class 012 (Ser. No. 86068120).

20. Warrior Lifestyles has used the WARRIOR LIFESTYLES, WEEKEND WARRIOR WATER NATURAL SPRING WATER, and WEEKEND WARRIOR marks in connection with the sale of recreational vehicles and related product well prior to any alleged use of the "Weekend Warrior" mark by Claude Donati.

**B.    Donati Files Intent to Use Application for the WEEKEND WARRIOR Mark.**

21. In 2010, Donati started a company called NeXus RV, which was allegedly going to be in the business of manufacturing motor homes and travel trailers and selling such motor homes and travel trailers to the retail public.

22. In or about February or March 2013, Donati met with Brandon Ambris, Frank Barouti, Curtis Hill, and Brian Shea to form a business called RV Warrior, LLC (RV Warrior), which was to buy product from NeXus RV. Through an oral agreement, RV Warrior was then to sell this product under the "Weekend Warrior" mark to Giant RV.

23. In furtherance of this venture, on April 16, 2013, Defendant Donati filed an application to register the Infringing Mark "Weekend Warrior," allegedly with other members of the business venture, Brandon Ambris and Brian Shea. Mr. Donati explained his intent at the time of filing as follows:

> My intent was to own the Weekend Warrior name and use it in the recreational vehicle. I knew that initially NeXus was going to build the product for me because that was the means I had available. And I knew NeXus RV was very close to signing an agreement with RV Warrior. And I knew RV Warrior had a hundred orders from Giant RV.

24. On or about July 30, 2013, a trademark license was purportedly entered into between Donati (as an individual) and RV Warrior. This licensing agreement stated that "Donati has the rights to the name WEEKEND WARRIOR and agrees to license RV Warrior to use such name on toy Hauler recreational

vehicles being sold by RV Warrior to dealerships in the US and Canada." However, while Donati (individually) was purported to be the owner/licensor of the subject mark, the licensing agreement was not signed by Donati. Rather, the licensing agreement was signed by Brandon Ambris and David Middleton, as "president" and "member." Notably, the purported license contained no language whatsoever regulating or controlling the use of the subject mark by the purported licensee, RV Warrior.

25. Shortly thereafter, the RV Warrior business venture failed; RV Warrior is no longer operating.

26. Donati does not personally, in his individual capacity, manufacture or sell any of the Weekend Warrior toy haulers, nor did he have any intent to ever do so. Further, Donati cannot sell RVs in his individual capacity because in order to do so, a license is required and the seller must be certified, and have obtained other credentials to be able to build toy haulers, which Donati lacks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

27. Warrior Lifestyles re-alleges and incorporates by reference the allegations above.

28. The goods Defendant has authorized others to sell bearing the Infringing Mark are marketed and sold through the same channels of trade and to the same customers through which Warrior Lifestyles' goods are marketed.

29. Defendant's unauthorized licensing and use of the Infringing Mark to others is likely to cause confusion or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's licensee's goods, or is likely to cause consumers to believe that Defendant (Defendant's licensees) and Warrior Lifestyles are somehow affiliated, connected or associated with each other when, in fact, they are not.

30. The Warrior Lifestyles Marks and the goodwill of the businesses associated with them in the United States are of great and significant value, are highly distinctive and arbitrary, and have become associated with consumers as "source identifiers" for Warrior Lifestyles.

31. Defendant has without authorization caused, licensed or allowed others to market and sell goods bearing the Infringing Mark to the consuming public, in competition with Warrior Lifestyles, in or affecting interstate commerce.

32. Defendant's unauthorized use of the Infringing Mark in this manner constitutes an infringement of Warrior Lifestyles' Marks in violation of the Federal Lanham Act, 15 U.S.C. §1114.

33. Defendant's infringement has and continues to injure the goodwill of Warrior Lifestyles and its high-quality products and services.

34. Defendant's infringement of the Warrior Lifestyles Marks has been willful and deliberate for the purpose of misleading consumers and injuring the goodwill of Warrior Lifestyles.

35. Pursuant to 15 U.S.C. §1117, Warrior Lifestyles is entitled to damages for Defendant's infringement, an accounting of profits made by Defendant by its actions and recovery of Warrior Lifestyles' costs of this action.

36. The acts of Defendant make this an exceptional case entitling Warrior Lifestyles to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

37. Defendant's use of the Infringing Mark has caused and will continue to cause irreparable harm to Warrior Lifestyles, unless Defendant is enjoined from further use.

38. Pursuant to 15 U.S.C. § 1116, Warrior Lifestyles is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing infringement of the Warrior Lifestyles Marks.

39. Warrior Lifestyles does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendant from such use.

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

40. Warrior Lifestyles re-alleges and incorporates by reference the allegations above.

41. As a result of the experience, care and service of Warrior Lifestyles in producing and providing the Warrior Lifestyles goods, the Warrior Lifestyles Products have become widely known and have acquired a reputation for excellence. Moreover, the Warrior Lifestyles Marks have become associated with Warrior Lifestyles goods, and have come to symbolize the reputation for quality and excellence of the Warrior Lifestyles.

42. Defendant's unauthorized licensing and use of the Infringing Mark has caused and continues to cause confusion as to the source and/or sponsorship of Defendant's licensee's products.

43. Defendant's actions constitute trademark infringement in violation of Warrior Lifestyles' rights under the common law of the State of California. Said infringement has and continues to injure the goodwill of Warrior Lifestyles and its products and services.

44. Warrior Lifestyles is entitled to damages for Defendant's infringement and an accounting of profits made by Defendant through its actions and recovery of Warrior Lifestyles' costs in this action.

45. The acts of Defendant have been malicious and calculated to injure Warrior Lifestyles. The willful, wanton and malicious nature of Defendant's conduct entitles Warrior Lifestyles to an award of its reasonable attorneys fees and punitive damages against Defendant.

COMPLAINT

46. Defendant's infringement of the Warrior Lifestyles Marks is injuring Warrior Lifestyles' goodwill and, unless enjoined from doing so by this Court, will continue to do so.

47. Warrior Lifestyles is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued infringement of the Warrior Lifestyles Marks.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin Under 15 U.S.C. §1125(a))

48. Warrior Lifestyles re-alleges and incorporates by reference the allegations above.

49. This claim arises under §43(a) of The Lanham Act (15 U.S.C. §1125(a).

50. The licensing and/or use of the Infringing Mark by Defendant is a false designation of origin or sponsorship as to goods made available to the public through Defendant and tends falsely to represent that Defendant's licensee's goods originate from Warrior Lifestyles, or that said goods have been sponsored, approved, authorized or licensed by Warrior Lifestyles or are in some way affiliated or connected with Warrior Lifestyles or that Warrior Lifestyles' goods and/or services originate from Defendant or its licensees, or are sponsored, approved, authorized or licensed by Defendant.

51. Defendant's conduct is likely to confuse, mislead and deceive a not insubstantial number of relevant consumers and members of the public as to the origin of the services or to cause said persons to believe that the services have been sponsored, approved, authorized or licensed by Warrior Lifestyles or are in some way affiliated with Warrior Lifestyles or that Warrior Lifestyles' goods and services originate from Defendant or are sponsored or licensed by Defendant all in violation of §43(a) of the Lanham Act (15 U.S.C. 1125(a)).

52. Warrior Lifestyles has no adequate remedy at law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter judgment:

1. Reversing the TTAB Decision dated November 17, 2015, which dismissed Warrior Lifestyles' Opposition.

2. Sustaining Warrior Lifestyles' Opposition as to Defendant's Application with the U.S. Patent and Trademark Office.

3. Ordering that Defendant and all persons acting for, with, by, through or under him be enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

    (a) From using in any manner the Infringing Mark or in combination with any word or words which so resemble the Warrior Lifestyles Marks as to be likely to cause confusion, deception, or mistake;

    (b) From further diluting and infringing the Warrior Lifestyles Marks; and

    (c) From otherwise competing unfairly with Warrior Lifestyles or any of its authorized licensees in any manner.

4. Ordering that Defendant be required to deliver to Warrior Lifestyles any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendant or under its control bearing the Infringing Mark.

5. Ordering that Defendant be required to deliver up for destruction their entire inventory of said products bearing the Infringing marks.

6. Ordering that Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Warrior Lifestyles a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs 2 through 4, *supra*.

7. Ordering Defendant to expressly voluntary abandon any pending federal, state or international trademark applications which include, in whole or in

part, an infringement of Warrior Lifestyles Marks, including Defendant's Application, and, in the event any such applications mature to registration prior to the issuance of any such Order, that Defendant be required to expressly voluntarily cancel such registrations

    8.    Finding Defendant liable for:

        (a) Trademark Infringement under 15 U.S.C. § 1114;

        (b) Common law trademark infringement; and

        (c) False Designation of Origin under 15 U.S.C. 1125(a);

    9.    Ordering that Defendant account for and pay over to Warrior Lifestyles all profits realized by Defendant for infringement of Warrior Lifestyles' registered and common law trademarks.

    10.    Ordering that Warrior Lifestyles be awarded actual damages in an amount to be determined at trial.

    11.    Ordering Defendant Pay to Warrior Lifestyles treble damages.

    12.    Ordering that Warrior Lifestyles be awarded reasonable attorneys' fees and costs.

    13.    Ordering that Warrior Lifestyles have such other and further relief as the Court may deem equitable and proper.

DATED: January 15, 2016    **FOLEY, BEZEK, BEHLE & CURTIS, LLP**

                              By:   /s/ Roger N. Behle, Jr._____
                                      ROGER N. BEHLE, JR.
                                      Attorneys for Plaintiff

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3.4.10.1, Plaintiff hereby demands a jury trial in this matter.

DATED: January 15, 2016   **FOLEY, BEZEK, BEHLE & CURTIS, LLP**

By: /s/ Roger N. Behle, Jr.
ROGER N. BEHLE, JR.
Attorneys for Plaintiff

**COMPLAINT**